# Commonwealth *v.* Sylvester.

[ MARCH, 1827. ]

A count for a common law misdemeanor may be joined with a count for a statutory misdemeanor, and on a verdict of guilty on each, the court will impose, if it think proper, a separate sentence on each.

THIS was a case removed from the mayor's court to the supreme court, by a special allocatur.

The indictment, which was drawn under the act of 2d April, 1811, § 27, presented in the first count, that the defendant "unlawfully did sell and expose to sale, and cause to be sold and exposed to sale, a lottery ticket in a lottery not authorized by the laws of the commonwealth, which said ticket was in the words and figures following, that is to say, (setting forth the ticket) contrary," &c. The second count averred that the defendant, " together with divers other evil-disposed persons, to the jurors aforesaid as yet unknown, did unlawfully and wickedly conspire, combine, confederate and agree together, unlawfully and wickedly contriving and intending to acquire unjust and illegal lucre to themselves, to sell and expose to sale, and caused and procured to be sold and exposed to sale, a lottery ticket and tickets in a lottery not authorized by the laws of this commonwealth, to the evil example," &c. The defendant having been convicted on each count, a motion in arrest of judgment was made, on account of the alleged misjoinder of counts, and the irregularity in setting out the offence.

*Mr. J. R. Ingersoll,* for the motion; *Mr. Pettit,* and *Mr. J. C. Biddle,* contra.

The court held, that the counts sufficiently set forth the offence, and that there was no misjoinder, and sentenced the defendant to a fine of $200, to the Union Canal Company, being the statutory punishment, on the first count; and to a fine at common law on the second.